# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

SAMUEL M. WHITE,

            Petitioner,      :      Case No. 3:17-cv-111

   - vs -                                District Judge Walter H. Rice
                                        Magistrate Judge Michael R. Merz

MARK HOOKS, Warden,
Ross Correctional Institution,

                                :

            Respondent.

# REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought *pro se* by Petitioner Samuel White under 28 U.S.C. § 2254. White seeks relief from his conviction in the Montgomery County Common Pleas Court on two counts of murder and two counts of felonious assault, all with firearm specifications (Petition, ECF No. 3, PageID 84, ¶ 5). The case is argued in the Petition (ECF No. 3), the Return of Writ (ECF No. 11) and Petitioner's Reply and Traverse (ECF No. 17).

White pleads the following grounds for relief:

> **Ground One:** The trial court abused its discretion in allowing expert cell phone analysis that was unreliable and inadmissible under *Daubert [v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579 (1993).]
>
> **Supporting Facts:** A witness for the State, FBI Agent Kevin Horan, testified at Petitioner's trial. Horan testified about his analysis regarding Petitioner's cell phone cell cite location on the night of the homicide. His analysis was incomplete because his analysis did not have the cell phone location prior to 10:30 pm. See, memorandum in support (Exhibit A).

**Ground Two:** The trial court abused its discretion by allowing a witness to testify about an alleged threat made before the shooting.

**Supporting Facts:** During trial State witness Stacy McGee testified about an alleged threat that Petitioner made to Coatney. It was testified that the threat had been made one year and a half to two years prior to Petitioner's trial. See, memorandum in support (Exhibit A).

**Ground Three:** Petitioner's convictions were not supported by sufficient evidence.

**Supporting Facts:** The State's case was circumstantial. The State's case was based on witness Lawrence's testimony that Petitioner confessed to him that he killed Coatney. Lawrence also testified that Petitioner told him a month after the crime what he did with the gun. However, Lawrence lied during trial. There was [sic] inconsistencies in the previous statements that Lawrence made and his trial testimony. There was an issue with the bullet casings claimed to been found in Petitioner's vehicle. See, memorandum in support (Exhibit A).

**Ground Four:** The trial court erred in allowing evidence to be presented on the issue of flight.

**Supporting Facts:** During trial the State argued that Petitioner fled the scene and requested a flight instruction. During the investigation WHITE was identified as the suspect and he did not make any effort to evade. Petitioner called the police to meet with them. There was no evidence presented that WHITE fled to a location where he could not be located or that he evaded police ance [sic] detected. See, memorandum in support (Exhibit A).

**Ground Five:** Petitioner was rendered ineffective assistance of trial counsel.

**Supporting Facts:** In the case there was video surveillance tape from the movie theatre that was not preserved by police. Trial counsel did not raise the [sic] or file a motion to dismiss the charges based upon the State's failure to preserve the potentially exculpatory evidence.

During trial, counsel failed to cross examine Adell Lawrence on the previous statements that he made. Lawrence's testimony was inconsistent with his previous statements. See, memorandum in support (Exhibit A).

(Petition, ECF No. 3.)

**Procedural History**

Bryan Coatney was shot to death outside the front door of his home in Dayton, Ohio, on April 21, 2012. White was indicted for the murder on October 24, 2012. Prior to trial he gave notice of an alibi. A jury convicted White on all counts. After merger under Ohio Revised Code § 2941.25, the trial judge sentenced him to fifteen years to life for murder, plus three years for one firearm specification. White appealed to the Second District Court of Appeals which affirmed his conviction. *State v. White*, 37 N.E. 3d 1271 (2nd Dist. Aug. 28, 2015). The Ohio Supreme Court declined jurisdiction over a further appeal. *State v. White,* 144 Ohio St. 3d 1411 (2015). White filed two applications to reopen under Ohio R. App. P. 26(B), both of which were dismissed as untimely filed. He filed the instant Petition on March 1, 2017.

# Analysis

**Ground One: Improper Admission of Expert Testimony**

In his First Ground for Relief, White claims that the cell site analysis offered at trial by F.B.I. Special Agent Kevin Horan should not have been admitted because it did not satisfy the standard adopted in *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579 (1993). Respondent objects that a question on the admissibility of evidence is a matter of state law, not

federal constitutional law, and White's First Ground is therefore not cognizable in habeas corpus. In his Memorandum in Support, White acknowledges that violations of state law are not cognizable unless "such violations are of Constitutional magnitude." (ECF No. 3, PageID 100.) He also asserts all of his constitutional law claims have been presented to the state court. *Id.* In his Reply, Mr. White argues that admission of Agent Horan's testimony was a violation of his rights under the Due Process Clause of the Fourteenth Amendment

White's First Assignment of Error on direct appeal asserted that it was error (abuse of discretion) to allow Agent Horan to testify to cell-sector analysis under Ohio R. Evid. 702 (Appellant's Brief, State Court Record, ECF No. 10, PageID 306-12). This claim was not presented to the Second District as a constitutional claim and indeed on its face it is not presented to this Court in that way. In his Brief on appeal, Mr. White did not mention the Due Process Clause nor cite any federal constitutional case law at all. Nor did the Second District Court of Appeals understand it was deciding a federal constitutional question. *See State v. White, supra,* at ¶¶ 23-31

Ohio R. Evid. 702 was adopted by the Ohio Supreme Court in its present form on July 1, 1994, shortly after the *Daubert* decision. It made many of the concepts in the *Daubert* decision a part of Ohio evidence law. But *Daubert* is not a decision of federal constitutional law, so that a failure to meet the *Daubert* standard does not qualify as a violation of the federal Constitution. That is to say, the United States Supreme Court has never held that failure of evidence to meet the *Daubert* standard rises to the constitutional level.

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is

not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Abuse of discretion by a trial judge also does not rise to the level of a constitutional violation. *Sinistaj v. Burt,* 66 F.3d 804 (6th Cir. 1995).

Because Petitioner did not fairly present his *Daubert* question to the Second District Court of Appeals as a constitutional question, he has procedurally defaulted on that claim. But even without the procedural default, the First Ground for Relief must be dismissed because there is no Supreme Court precedent for treating a *Daubert* objection as a constitutional matter.

**Ground Two: Improper Admission of a Threat Made to the Victim**

In his Second Ground for Relief, White claims his rights to due process and a fair trial were violated when a witness was permitted to testify that he had made a death threat to the victim one and one-half to two years before the victim was killed.

The Warden asserts this claim also was not fairly presented to the Second District as a federal constitutional issue and in any event does not state a habeas claim because there is no federal constitutional prohibition on presenting evidence of this kind.

Mr. White replies "Petitioner maintains that this claim does amount to a due process violation the same way that he asserts his first claim amounts to a due process violation." (Reply, ECF No. 17, PageID 1794).

White also did not fairly present this claim as a federal constitutional claim to the Second District on direct appeal. Instead, his Second Assignment of Error alleged the trial judge had

5

abused his discretion under Ohio R. Evid. 404(B) by allowing this testimony. (Appellant's Brief, State Court Record, ECF No. 10, PageID 312-14). The Second District considered the claim purely as a matter of state law. *State v. White, supra,* ¶ 32. The appellate court resolved the issue as one of state evidence law, concluding that the threat was probative of a long-standing feud between White and the victim over a woman and therefore probative of a motive for the shooting. *Id.*

This Court cannot review the correctness of the Second District's ruling on a matter of state law. To the extent White raises a federal constitutional claim, it is without merit. The Supreme Court has never held that improper admission of other bad acts evidence constitutes a due process violation or denial of fair trial. "There is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." *Bugh v. Mitchell,* 329 F.3d 496, 512 (6th Cir. 2003) (noting that the Supreme Court refused to reach the issue in *Estelle v. McGuire*. 502 U.S. 62 (1991)).

Ground Two should therefore be dismissed, both as procedurally defaulted for failure to fairly present it and as without merit as a federal constitutional claim.

**Ground Three: Insufficient Evidence**

In his Third Ground for Relief, Mr. White asserts his conviction is not supported by sufficient evidence. He presented this claim to the Second District on direct appeal and they decided the issue as follows:

> **C. Sufficiency and weight of the evidence**

[*P39] The third assignment of error alleges that White's convictions are not supported by sufficient evidence and are against the manifest weight of the evidence.

[*P40] White argues that the state presented no credible evidence that puts him at the murder scene. He says that Adell Lawrence's testimony contains numerous inconsistencies, that the casings found in his Tahoe are problematic, and that there is no evidence that he and Coatney had a contentious relationship at the time of the shooting.

[*P41] "A sufficiency of the evidence argument disputes whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law." *State v. Hunter*, 2d Dist. Montgomery No. 24844, 2013-Ohio-1469, ¶ 27, quoting *State v. Wilson*, 2d Dist. Montgomery No. 22581, 2009-Ohio-525, ¶ 10; see also *State v. Thompkins*, 78 Ohio St.3d 380, 386, 1997 Ohio 52, 678 N.E.2d 541 (1997). "When reviewing whether the State has presented sufficient evidence to support a conviction, the relevant inquiry is whether any rational finder of fact, after viewing the evidence in a light most favorable to the State, could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.*, citing *State v. Dennis*, 79 Ohio St.3d 421, 430, 1997 Ohio 372, 683 N.E.2d 1096 (1997). A guilty verdict will not be disturbed on appeal unless "reasonable minds could not reach the conclusion reached by the trier-of-fact." *Dennis* at 430.

[*P42] White was convicted of felony murder for causing Coatney's death as a result of shooting him (felonious assault), in violation of R.C. 2903.02(B), which pertinently provides that "[n]o person shall cause the death of another as a proximate result of the offender's committing * * * an offense of violence that is a felony of the first or second degree." Adell Lawrence testified that White admitted to him that he had killed Coatney because he was tired of Coatney "effing" with him. (Tr. 717, 718, 719) (Sept. 25, 2014). Lawrence also testified that White told him that he had gotten rid of the gun on the bank of the river near White's house, which is where a gun linked to White was found. White had bought the gun a week before the murder along with ammunition that matched the casings found in his Tahoe and at the scene. While the particular gun that fired the bullets could not be identified, it was determined that the bullets were fired by a weapon with the same class characteristics as White's gun. Immediately after shots were heard, a dark SUV was seen speeding away from the murder scene, which

> SUV McGee identified as White's blue Tahoe. The evidence is
> sufficient to establish the essential elements of felony murder.

*State v. White, supra.*

An allegation that a verdict was entered upon insufficient evidence states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia,* 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders*, 894 F.2d 792, 794 (6th Cir. 1990)(en banc). In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt. *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in
> the light most favorable to the prosecution, any rational trier of fact
> could have found the essential elements of the crime beyond a
> reasonable doubt . . . . This familiar standard gives full play to the
> responsibility of the trier of fact fairly to resolve conflicts in the
> testimony, to weigh the evidence and to draw reasonable
> inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *United States v. Paige,* 470 F.3d 603, 608 (6*th* Cir. 2006); *United States v. Somerset*, 2007 U.S. Dist. LEXIS 76699 (S.D. Ohio 2007). This rule was recognized in Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259 (1991). Of course, it is state law which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt. *In re Winship, supra.* A sufficiency challenge should be assessed against the elements of the crime, not against the elements set forth in an erroneous jury instruction. *Musacchio v. United States*, 577 U.S. ___, 136 S.Ct. 709, 193 L. Ed. 2d 639 (2016).

In cases such as Petitioner's challenging the sufficiency of the evidence and filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), two levels of deference to state decisions are required:

> In an appeal from a denial of habeas relief, in which a petitioner challenges the constitutional sufficiency of the evidence used to convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would. First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, *any rational trier of fact* could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. *See United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. *See* 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009)(emphasis in original). In a sufficiency of the evidence habeas corpus case, deference should be given to the trier-of-fact's verdict under *Jackson v. Virginia* and then to the appellate court's consideration of that verdict, as commanded by the AEDPA. *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008); *accord Davis v. Lafler,* 658 F.3d 525, 531 (6th Cir. 2011)(en banc); *Parker v. Matthews*, 567 U.S. 37, 43 (2012). Notably, "a court may sustain a conviction based upon nothing more than circumstantial evidence." *Stewart v. Wolfenbarger,* 595 F.3d 647, 656 (6th Cir. 2010).

> We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury -- not the court -- to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U. S. 1, ___, 132 S. Ct. 2, 181 L. Ed. 2d 311, 313 (2011) (per curiam). And second, on habeas review, "a

> federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Ibid.* (*quoting Renico v. Lett*, 559 U. S. ___, ___, 130 S. Ct. 1855, 176 L. Ed. 2d 678 (2010)).

*Coleman v. Johnson*, 566 U.S. 650, 651 (2012)(per curiam); *Parker v. Matthews*, 567 U.S. 37, 43 (2012) (per curiam).

Petitioner's arguments on this Ground for Relief are the kinds of arguments properly made to a jury on closing argument – arguments about the weight of the evidence. But to prevail in habeas corpus on an insufficiency claim, a petitioner must show that there is no evidence on a particular element of the crime or that the evidence presented is such that no rational juror could have believed it. So Mr. White argues that the witness who claimed White admitted the crime and what he did with the gun is a liar or there were inconsistencies between different statements he made. But those are not sufficient to take the case away from the jury.

Petitioner's Third Ground should be dismissed on the merits.

**Ground Four: Evidence of Flight and Jury Instruction on Flight**

In his Fourth Ground for Relief, Petitioner asserts the trial court erred in admitting evidence of flight and in instructing the jury on that issue (Petition, ECF No. 3, PageID 93). The Warden asserts that the claim that the evidence should not have been admitted is not cognizable in habeas corpus because it is purely a matter of state law (Return, ECF No. 11, PageID 1776-80). The claim related to the instruction is procedurally defaulted, the Warden argues, because White made no contemporaneous objection to it. *Id.* White does not treat his Fourth Ground in his Traverse.

10

This claim was presented to the Second District on direct appeal; it decided the claim as follows:

> **D. Evidence of White's flight**
>
> [*P46] The fourth assignment of error alleges that the trial court erred by allowing evidence to be presented on the issue of flight. The supporting argument, however, is that the trial court abused its discretion by giving the flight instruction.
>
> [*P47] White failed to object to the instruction, so all but plain error has been forfeited. *State v. Lott*, 51 Ohio St.3d 160, 167, 555 N.E.2d 293 (1990). "For plain error to exist, the defect in the trial proceedings must be obvious and must have affected the outcome of the trial." *State v. Conley*, N.E.3d , 2015-Ohio-2553, ¶ 30 (2d Dist.), citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 16. "Notice of plain error 'is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" *State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, 954 N.E.2d 596, ¶ 108, quoting *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.
>
> [*P48] "Flight means some escape or affirmative attempt to avoid apprehension." *State v. Wesley*, 8th Dist. Cuyahoga No. 80684, 2002-Ohio-4429, ¶ 19, citing *United States v. Felix-Gutierrez*, 940 F.2d 1200, 1207 (10th Cir.1991). Evidence of flight is admissible as tending to show consciousness of guilt. *State v. Wood*, 2d Dist. Clark No. 2010 CA 42, 2011-Ohio-2314, ¶ 30. "Evidence of flight to support an inference of guilt should generally be limited to situations when the activities associated with flight occur at a time and place near the criminal activity for which the defendant is on trial." *Id.*, citing *State v. Frock*, 2d Dist. Clark No. 2004 CA 76, 2006-Ohio-1254, ¶ 57. But admissibility does not depend on how much time passes between the offense and the defendant's flight. *State v. Hand*, 107 Ohio St.3d 378, 2006-Ohio-18, 840 N.E.2d 151, ¶ 169. The flight need not be immediate. The instruction may be appropriate when the defendant, a long-time resident of the area in which the crime occurred, was arrested months later in another state or another part of this state. *See, e.g., State v. Woods*, 1st Dist. Hamilton Nos.C-130413, C-130414, 2014-Ohio-3892, ¶ 61. *Accord State v. Jackson*, 9th Dist. Lorain No. 11CA010012, 2012-Ohio-3524, ¶ 17; *State v. Villa*, 9th Dist. Lorain No. 05008773, 2006-Ohio-4529, ¶ 31; *State v. Hudson*, 8th Dist. Cuyahoga No. 91803, 2009-Ohio-6454, ¶ 52-53; *State v. Craig*, 8th Dist. Cuyahoga No. 94455, 2011-Ohio-206, ¶ 32.

[\*P49] The state filed an unopposed motion asking the trial court to instruct the jury on flight as consciousness of guilt. The court gave the jury this instruction:

> Testimony has been admitted indicating that the Defendant fled the scene. You are instructed that flight alone does not raise a presumption of guilt but it may tend to indicate the Defendant's consciousness or awareness of guilt.
>
> If you find that the facts do not support that the Defendant fled or if you find that some other motive prompted the Defendant's flight or if you are unable to decide what the Defendant's motivation was, then you should not consider this evidence for any purpose.
>
> However, if you find that the facts support that the Defendant engaged in such conduct and you decide that the Defendant was motivated by a consciousness or awareness of guilt, you may but are not required to consider that evidence in deciding whether the Defendant is guilty of the crimes charged. You alone will determine what weight, if any, to give to this evidence.

(Tr. 1231-1232) (Sept. 25, 2014).

[\*P50] White contends that the evidence does not warrant a flight instruction. We disagree. An inference could be made from the evidence that White fled to Texas. When he left, he had been questioned twice about the murder, and he knew that police knew he was lying about his gun being stolen. White also knew that police had found shell casings on the driver's side floor of his vehicle. And he knew that police had recovered the gun and that they knew he bought it a week before the murder.

[\*P51] Ultimately, though, the flight instruction is all but innocuous. It explains the limited use of the flight evidence and clearly says that the jury may consider White's flight only if it finds that he was "motivated by a consciousness or awareness of guilt." And even if the jury finds that this motivated him, the instruction says that it still is not required to consider the flight evidence. We do not believe that giving the jury this particular instruction could have affected the outcome of the trial.

*State v. White, supra*.

The Warden is correct that admission of evidence of flight is a matter of Ohio evidence law and not cognizable in habeas corpus. Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Alleged errors in jury instructions normally do not rise to the level of federal constitutional violations. See *Engle v. Isaac*, 456 U.S. 107 (1982); *Turoso v. Cleveland Municipal Court*, 674 F.2d 486 (6th Cir. 1982); *Eberhardt v. Bordenkircher*, 605 F.2d 275 (6th Cir. 1979); *Weston v. Rose,* 527 F.2d 524 (6th Cir. 1975).

The Warden also asserts the instruction claim is procedurally defaulted by White's failure to object. The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*,

433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(citation omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87. *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963). *Coleman*, 501 U.S. at 724.

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord, Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).

Ohio has a procedural rule that requires a contemporaneous objection to trial court error so that the trial court can correct it. Ohio's contemporaneous objection rule — that parties must preserve errors for appeal by calling them to the attention of the trial court at a time when the error could have been avoided or corrected, set forth in *State v. Glaros*, 170 Ohio St. 471 (1960), paragraph one of the syllabus; *see also State v. Mason*, 82 Ohio St. 3d 144, 162 (1998) — is an adequate and independent state ground of decision. *Wogenstahl v. Mitchell*, 668 F.3d 307, 334 (6th Cir. 2012), *citing Keith v. Mitchell*, 455 F.3d 662, 673 (6th Cir. 2006); *Goodwin v. Johnson*, 632 F.3d 301, 315 (6th Cir. 2011); *Smith v. Bradshaw*, 591 F.3d 517, 522 (6th Cir. 2010); *Nields v. Bradshaw*, 482 F.3d 442 (6th Cir. 2007); *Biros v. Bagley,* 422 F.3d 379, 387 (6th Cir. 2005); *Mason v. Mitchell*, 320 F.3d 604 (6th Cir. 2003), *citing Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000), *citing Engle v. Isaac,* 456 U.S. 107, 124-29 (1982). *See also Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000); *Goodwin v. Johnson*, 632 F.3d 301, 315 (6th Cir. 2011); *Smith v. Bradshaw*, 591 F.3d 517, 522 (6th Cir.), *cert. denied*, 562 U.S. 876 (2010).

In this case the Second District enforced the contemporaneous objection rule by reviewing the jury instruction only for plain error. *State v. White, supra,* ¶ 47. An Ohio state appellate court's review for plain error is enforcement, not waiver, of a procedural default. *Wogenstahl v. Mitchell*, 668 F.3d 307, 337 (6th Cir. 2012); *Jells v. Mitchell,* 538 F.3d 478, 511 (6th Cir. 2008); *Lundgren v. Mitchell,* 440 F.3d 754, 765 (6th Cir. 2006); *White v. Mitchell,* 431 F.3d 517, 525 (6th Cir. 2005); *Biros v. Bagley*, 422 F.3d 379, 387 (6th Cir. 2005); *Hinkle v. Randle,* 271 F.3d 239 (6th Cir. 2001), *citing Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000)(plain error review does not constitute a waiver of procedural default); *accord, Mason v. Mitchell,* 320 F.3d 604 (6th Cir. 2003).

Accordingly, the Fourth Ground for Relief should also be dismissed.

**Ground Five: Ineffective Assistance of Trial Counsel**

In his Fifth Ground for Relief, Mr. White asserts he received ineffective assistance of trial counsel in two respects (1) when trial counsel failed to file a motion to dismiss on the basis of the State's failure to preserve potentially exculpatory evidence, to wit, the surveillance video from the movie theater where White claimed he was at the time of the shooting; and (2) failure to properly cross-examine Adell Lawrence (Petition, ECF No. 3, PageID 111-13).

Petitioner preserved this claim for federal habeas review by presenting it to the Second District on direct appeal as his Fifth Assignment of Error. That court decided the claim as follows:

> **E. Claim of ineffective assistance of counsel**
>
> [*P53] The fifth assignment of error alleges that White's trial counsel rendered ineffective assistance.
>
> [*P54] White contends that counsel's not filing a motion to dismiss based on the state's failure to preserve potentially exculpatory evidence constitutes ineffective assistance of counsel. White also contends that counsel's failure to properly cross-examine Adell Lawrence violated White's right to a fair trial. The state argues that counsel had no obligation to file a motion to dismiss and that counsel's cross-examination of Lawrence was reasonable.
>
> [*P55] The standard for defense counsel's conduct was established by the U.S. Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.E.2d 674 (1984), and adopted by the Ohio Supreme Court in *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). *Strickland* holds that when a defendant complains of the ineffective representation of counsel, the defendant must show that counsel's performance fell below an

objective standard of reasonableness. *Strickland* at 687-688. Judicial scrutiny of counsel's performance must be highly deferential. *Id.* at 689. A reviewing court must indulge a strong presumption that counsel's performance falls into the wide range of reasonable professional assistance. *Id.* The defendant must also show that there is a reasonable possibility that but for the unprofessional errors of counsel the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

[*P56] On the Monday after the murder, a detective went to the theater White claimed to have been at Saturday night to see if there was any helpful surveillance video. The detective discovered that many of the cameras did not work, and because the cameras were intended to deter employee theft, none was positioned to clearly show patrons entering or leaving. One working camera was pointed at the box-office, but it captured only patrons entering the theater and only from the waist down. There was no video of customers leaving the theater, and there are no cameras in the parking lot. The detective reviewed the video from the box-office camera for the night of the murder but saw nothing helpful, so he did not collect it. The video was automatically erased after six months.

[*P57] White says that the box-officer surveillance video was exculpatory evidence that should have been preserved. White says that his alibi defense—that he was at the theater and could not have made it to the scene of the murder by the time the murder occurred—would have been substantially strengthened with video showing him at the movie theatre.

[*P58] "The Due Process Clause of the Fourteenth Amendment to the United States Constitution protects a criminal defendant from being convicted where the state fails to preserve materially exculpatory evidence or destroys in bad faith potentially useful evidence." (Citation omitted.) *State v. Bolden*, 2d Dist. Montgomery No. 19943, 2004-Ohio-2315, ¶ 51. There is a distinction between "materially exculpatory evidence and potentially useful evidence. If the evidence in question is not materially exculpatory, but only potentially useful, the defendant must show bad faith on the part of the state in order to demonstrate a due process violation." *State v. Geeslin*, 116 Ohio St.3d 252, 2007-Ohio-5239, 878 N.E.2d 1, ¶ 9, citing *Arizona v. Youngblood*, 488 U.S. 51, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988). In order to be materially exculpatory, "evidence must both possess an exculpatory value that was apparent before the evidence was

destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." *California v. Trombetta*, 467 U.S. 479, 489, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984).

[\*P59] Here, there is nothing that suggests that the video showed White at all. And even if it did, the most that it would have shown is the time that White arrived at the theater. As the state points out, what time he arrived is not important; it is what time he left that is critical. No surveillance video would have shown that. So while the video might have had some value to his defense, it is not "materially exculpatory." Also, there is no evidence that the state had a hand in destroying the video or acted in bad faith.

[\*P60] White also contends that the testimony of Adell Lawrence, who testified that White confessed to him, is full of inconsistencies that could have been exposed on cross-examination.

[\*P61] During Lawrence's interview with a detective on August 24, 2012, he said that a month after the shooting White told him what he did with the gun. But Lawrence testified that he called Crime Stoppers thirteen days after the shooting and told them that he knew where the gun was. Lawrence also told the detective that White had wiped down the gun but told Crime Stoppers that John Fisher wiped it down. Lawrence testified that he had no discontent towards White, but during his interview Lawrence conveyed the opposite. Lawrence also said that he did not know about the bad history (restraining orders, violence, and vandalism) between Ivery and Coatney. But Ivery testified that Lawrence did know about it. Lawrence's testimony that he went to White's house the day after the shooting is contradicted by White's and Ivery's testimony that he did not. Counsel's failure to explore these areas on cross-examination, says White, constitutes ineffective assistance and denied him a fair trial.

[\*P62] The state points out that by cross-examining Lawrence on these minor inconsistencies counsel would have given Lawrence the opportunity to clear up any confusion or correct small mistakes that he might have made in his prior responses. The state also points out that counsel knew that White and Ivery would deny that White confessed to Lawrence, so further cross-examination of Lawrence on this would not have made much difference. Counsel simply let the apparent inconsistencies in Lawrence's testimony stand uncorrected and then used them in closing arguments to show that Lawrence could not be believed when he testified that White had confessed to him and told him where he had thrown the

> gun. Indeed, counsel suggested to the jury that Lawrence invented the confession after White decided to break up with his stepdaughter.
>
> [*P63] The extent and scope of cross-examination clearly falls within the ambit of trial strategy, and debatable trial tactics do not establish ineffective assistance of counsel. *State v. Linville*, 10th Dist. Franklin No. 04AP-917, 2005-Ohio-3150, ¶ 31. We cannot say that counsel's cross-examination of Lawrence was objectively unreasonable.
>
> [*P64] The fifth assignment of error is overruled.

*State v. White, supra*.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).

Regarding the erased surveillance tape, the Second District thoroughly analyzed its lack of materiality and Mr. White's contrary assertion that there is videotape showing him leaving the theater is just that – assertion. He refers to no evidence of record for this assertion.

Regarding cross-examination of Mr. Lawrence, the Second District explained why it was not only trial strategy, but good trial strategy, to refrain from further cross examination.

Mr. White has not shown the Second District's decision on the fifth ground for relief is an unreasonable application of *Strickland v. Washington, supra*.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

November 13, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).